UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN J. KELLEY, as Trustee of    )
CC Realty Trust,                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )    C.A. No.:
                                    )
VERMONT MUTUAL INSURANCE            )
COMPANY,                            )
                                    )
    Defendant.                      )

### DEFENDANT, VERMONT MUTUAL INSURANCE COMPANY'S ANSWER TO THE PLAINTIFF'S COMPLAINT

The Defendant, Vermont Mutual Insurance Company, makes its answer to the allegations contained in the numbered paragraphs of the Plaintiff's Complaint as follows:

### FIRST DEFENSE

1.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies those allegations.

2.  The Defendant admits.

3.  The Defendant admits.

4.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff's principal place of business is in Norfolk County and therefore denies this allegation. The Defendant admits that the locus of the real estate owned by the Plaintiff is located in Norfolk County, Massachusetts and that Vermont Mutual knowingly engaged in business with the Plaintiff concerning said real estate. The Defendant states that remainder of this paragraph calls for a legal conclusion

to which no response is necessary. To the extent that the remainder of this paragraph contains factual allegations, they are denied.

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

6. The Defendant admits that the Plaintiff purchased a businessowner's policy providing certain coverage for the property at 733-735 Washington Street, Stoughton, Massachusetts (hereinafter "the property") through Vermont Mutual's agent, C&S Insurance Agency, Inc. (hereinafter "C&S"). The remainder of the allegations in this paragraph are denied.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

9. The Defendant admits that the property suffered fire damage on or about March 2, 2003. The remainder of the allegations in this paragraph are denied.

10. The Defendant admits that it paid the plaintiff $425,000.00 pursuant to the terms and conditions of the policy of insurance but denies the remaining allegations contained herein.

11. The Defendant admits that it paid the Plaintiff $425,000.00 pursuant to the terms and conditions of the policy of insurance. The Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph and therefore denies the allegations.

12. The Defendant admits that the Plaintiff has made demand for an additional $225,000.00 and that the Defendant has declined this claim pursuant to the policy limit and the terms and conditions of the applicable policy of insurance. The Defendant denies the remainder of the allegations in this paragraph.

13. The Defendant denies.

## COUNT I
## Breach of Contract

14. The Defendant repeats and re-avers its responses to paragraphs 1 through 13 as is fully set forth herein.

15. The Defendant denies.

16. The Defendant denies.

## COUNT II
## Chapter 93A

17. The Defendant repeats and re-avers its responses to paragraphs 1 through 16 as is fully set forth herein.

18. The Defendant states that this paragraph calls for a legal conclusion to which no response is necessary. To the extent that this paragraph contains factual allegations, they are denied.

19. The Defendant admits.

20. The Defendant denies.

21. The Defendant denies.

22. The Defendant denies.

23. The Defendant denies.

24. The Defendant denies.

## SECOND DEFENSE

The Defendant states, pursuant to Mass.R.Civ.P. 12(b)(6), that the Complaint fails to state a claim upon which relief can be granted against the Defendant.

## THIRD DEFENSE

The Plaintiff's claim is barred on the grounds that the Defendant has performed all obligations under the applicable agreement between the parties.

## FOURTH DEFENSE

The Plaintiff is barred from recovery because this action was not brought within the time specified by the general laws of this Commonwealth and the limitation of action clause contained in the policy of insurance.

## FIFTH DEFENSE

Any recovery by the Plaintiff must be limited by the terms and conditions of the policy of insurance complained upon.

## SIXTH DEFENSE

The Plaintiff has failed to satisfy conditions precedent under the policy and at law prior to filing suit.

## SEVENTH DEFENSE

The Plaintiff's claim is excluded or limited by the terms and conditions of the policy of insurance.

## EIGHTH DEFENSE

The Plaintiff is barred from recovery by reason of its failure to comply with the contractual provisions of the policy of insurance concerning reference prior to instituting a civil action.

## NINTH DEFENSE

The Plaintiff is barred from recovery by reason of its failure to comply with the conditions subsequent in the policy of insurance prior to instituting a civil action.

## TENTH DEFENSE

The Plaintiff may only recover under the policy of insurance in effect at the time of the alleged loss to the extent it proves it was entitled to recover under the policy.

## ELEVENTH DEFENSE

The Plaintiff is barred from recovery by reason of its failure to comply with the terms and conditions of its insurance policy.

## TWELFTH DEFENSE

Any duty of the Defendant to provide coverage for the claimed loss is subject to all applicable deductibles, retentions, retrospective premiums, and limits of liability under the policy issued by the Defendant.

## THIRTEENTH DEFENSE

Further answering, the Defendant states that to the extent that it had any obligations to the Plaintiff, such obligations have been fully and completely performed in every respect.

## FOURTEENTH DEFENSE

The Defendant states that it has acted fairly, promptly, reasonably, honestly, in compliance with their legal obligations, and in good faith in handling of this claim.

## FIFTEENTH DEFENSE

The Plaintiff is barred from recovery as to Count II of the Complaint by reason of its failure to comply with the statutory provisions of M.G.L. c. 93A as a prerequisite to filing suit.

## SIXTEENTH DEFENSE

The dispute between the Plaintiff and the Defendant constitutes a good faith dispute on the part of the Defendant regarding the interpretation and application of insurance coverage, and the actions of the Defendant have been based upon a plausible, good faith understanding of any obligations owed by it, and, therefore, it have not committed any unfair or deceptive acts or practices within the meaning of M.G.L. c. 93A.

## SEVENTEETH DEFENSE

The Defendant states pursuant to M.R.Civ.P. 12(b)(6), the Complaint fails to state a claim upon which relief may be granted against the Defendant as to Count II on the

grounds that the Defendant has at no time committed any violations of either M.G.L. c.93A or c.176D during the investigation and adjustment of this claimed loss.

### EIGHTEENTH DEFENSE

The Defendant states that if it is determined that the Plaintiff is entitled to recovery under Chapter 93A of the Massachusetts General Laws, which the Defendant denies, any recovery is limited to the actual damage sustained, and that the Plaintiff is not entitled to double or treble damages on the grounds that the Defendant has not willfully or intentionally or knowingly violated the provisions of Massachusetts General Laws chapter 93A.

### NINETEENTH DEFENSE

The Defendant states that if is determined that the Defendant committed any act or acts that violate the provisions of M.G.L. c. 93A, which the Defendant expressly denies, there is no causal link between the Defendant's acts and the Plaintiff's alleged loss.

### NINETEENTH DEFENSE

Count III of the Plaintiff's Complaint fails to state a claim upon which relief can be granted in that G.L. c. 176D provides no private remedy for individuals or entities allegedly injured by a violation of its provisions.

### TWENTIETH DEFENSE

Any assessment of punitive damages against the Defendant is barred as being confiscatory and violative of the due process and equal protection clauses of the United States and Massachusetts Constitutions, and furthermore for the reasons that:

    a.    under the circumstances at issue, no cause of action for punitive damages has been recognized under any applicable law;

    b.    unless any alleged liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments of United States Constitution and by the due process provisions of the Massachusetts Declaration of Rights, or any other applicable provision of said Constitutions;

    c.    the Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate the

        Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process provisions of the Massachusetts Declaration of Rights or any other applicable provisions of said constitutions;

d.    the Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages under any applicable law by a jury that:

    (1)    is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award;

    (2)    is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

    (3)    is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the Defendant;

    (4)    is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not defined with sufficient clarity to conduct or mental state that makes punitive damages permissible; and

    (5)    is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and Massachusetts Declaration of Rights, and the double jeopardy clause of the Fifth Amendment has incorporated into the Fourteenth Amendment and by the Massachusetts State Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

e.    the Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages under any applicable law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by applicable law would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to United States Constitution and by the due process provisions of the Massachusetts State Constitution.

f.    the Plaintiff's claim for punitive damages cannot be sustained on the grounds that a Massachusetts court may not use a punitive damages deterrent as a means to impose regulatory policies on other jurisdictions.

g. the Plaintiff's claims for punitive damages cannot be sustained on the grounds that a state may not impose economic sanctions on an alleged tortfeasor with the intent of changing or deterring its lawful conduct in other states.

h. the Plaintiff's claim for punitive damages cannot be sustained to the extent that it does not bear a reasonable relationship to compensatory damages.

i. the Plaintiff's claim for punitive damages cannot be sustained because the Defendant did not receive fair notice not only of the conduct that could subject it to punishment, but also to the severity of the penalty that Massachusetts may impose.

j. the Plaintiff's claim for punitive damages cannot be sustained because an award for punitive damages under Massachusetts law without protections accorded others subjected to punitive damages would violate the Defendant's due process and equal protection and other procedural rights incorporated into the Fourteenth Amendment to the United States Constitution and Massachusetts constitutional provisions concerning defense against punitive measures.

k. the Plaintiff's claim for punitive damages cannot be justified without considering other less drastic remedies which could be expected to deter future alleged misconduct.

l. the Plaintiff's claim for punitive damages cannot be sustained to the extent any such award is based solely on conduct that occurred within Massachusetts, or to the extent it does not limit its consideration only to interests of Massachusetts residents.

### TWENTY-FIRST DEFENSE

The Plaintiff's claim is barred on the grounds of estoppel.

### TWENTY-SECOND DEFENSE

The Plaintiff's claim is barred on the grounds of waiver.

### TWENTY-THIRD DEFENSE

The Plaintiff's claim is barred on the grounds of the Statute of Frauds.

### TWENTY-FOURTH DEFENSE

If the Plaintiff did sustain damages as alleged in the Complaint, which is denied, the Plaintiff's damages were caused by and were the proximate result of the acts or omissions of a third person or persons for whose conduct the Defendants was not and is not legally responsible.

### TWENTY-FIFTH DEFENSE

The acts or omissions which are alleged to have caused the damages referred to in the Complaint were committed by a third party who was not an agent, servant or employee of the Defendant, and for whose acts or omissions the Defendant is not legally responsible.

### TWENTY-SIXTH DEFENSE

The Plaintiff's injuries and/or damages are precluded and/or limited by the provisions of M.G.L. c.231, § 85.

### TWENTY-SEVENTH DEFENSE

The Defendant states that if the Plaintiff did sustain injuries as alleged in the Complaint, which is denied, said injuries and damages were not the proximate result of any acts or omission on the part of the Defendant.

### TWENTY-EIGHTH DEFENSE

The Defendant hereby place the Plaintiff on notice that it intends to rely upon such additional defenses as may be developed during the course of discovery, and reserves the right to amend this answer accordingly.

**WHEREFORE**, having fully answered, the Defendant denies that the Plaintiff is entitled to the relief prayed for in the Complaint or to any other relief, and the Defendant prays that the Court dismiss the Complaint, with prejudice, and that it award the Defendant costs, and that the Court grant any such other further relief to the Defendant as it deems just and proper.

**THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Defendant,
Vermont Mutual Insurance Company,
By its attorneys,

_____
William O. Monahan, BBO # 542916
Matthew Mahoney, BBO# 549092
Douglas F. Hartman, BBO# 642823
MONAHAN & ASSOCIATES, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500

### CERTIFICATE OF SERVICE

I, Douglas F. Hartman, hereby certify that on the 21st day of March, 2005, the foregoing has been served by causing a copy of same to be mailed via First Class Mail, postage prepaid, directed to all counsel of record.

_____
Douglas F. Hartman

ccrealty/answercomplaint