UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,

            Plaintiff,

v.

VERMONT MUTUAL INSURANCE
COMPANY,

            Defendant.

Case No. 05-CV10602MLW

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND TO REMAND

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Steven J. Kelley as Trustee of CC Realty Trust ("CC") hereby moves for leave to amend his complaint against Defendant Vermont Mutual Insurance Company ("Vermont Mutual"). CC seeks leave to amend to add a defendant, C&S Insurance Agency, Inc.; to add negligent misrepresentation and negligence claims; and to increase the damages claimed. The proposed Amended Complaint is attached hereto as <u>Exhibit A</u>. If the motion to amend is allowed, then CC respectfully requests that the Court remand the case to the Superior Court for Norfolk County due to lack of diversity or federal question jurisdiction.

In support of this motion, CC states as follows:

### I. BACKGROUND

1.     CC is a trust duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Stoughton, Norfolk County, Massachusetts.

2.  Defendant Vermont Mutual Insurance Company ("Vermont Mutual") is a duly constituted insurance company with a principal place of business at 89 State Street, Montpelier, Vermont.

3.  The proposed Defendant C&S Insurance Agency, Inc. ("C&S") is a for-profit Massachusetts corporation with a principal place of business at 190 Chauncy Street, Mansfield, Massachusetts.

4.  On information and belief, C&S was an agent of Vermont Mutual and may have been acting within the scope of that agency relationship, except as it pertains to the representations made in the negligent representation claim described in the proposed Amended Complaint, attached hereto as <u>Exhibit A</u>.

5.  CC filed the Complaint in the Norfolk County Superior Court on or about February 23, 2005. At that time CC also served Vermont Mutual with its first set of interrogatories.

6.  On or about March 21, 2005, Vermont Mutual removed the matter to this Court and filed its Answer.

7.  No discovery has yet been conducted in this case. The Court has not scheduled the Rule 26(f) conference and has not imposed any deadlines for amending pleadings.

## II. <u>BASIC FACTUAL ALLEGATIONS OF THE PROPOSED AMENDED COMPLAINT</u>

8.  On or about January 28, 2003, CC purchased real property located at 17 Pearl Street and 733-735 Washington Street in Stoughton, Massachusetts (the "Property"). (Amended Compl., ¶ 8).

9. In connection with the purchase of the Property, CC purchased a businessowner's policy for the Property (the "insurance policy") from Vermont Mutual's authorized agent, C&S. (Amended Compl., ¶ 9).

10. In explaining and in selling the policy to CC, Richard Fitzgerald, the C&S agent who dealt with CC, advised its trustee that the policy was a replacement cost policy. Fitzgerald further explained that under the policy, the total cost of replacing the buildings on the Property would be covered, subject to deductions not relevant here. (Amended Compl., ¶ 10).

11. Shortly thereafter, without advising or consulting CC, Fitzgerald valued the Property's building at $425,000 and/or otherwise inserted the value of $425,000 onto an insurance form. According to Fitzgerald, this was a temporary "ballpark" estimate, because he expected that Vermont Mutual would promptly have a licensed real estate appraiser value the building. (Amended Compl., ¶ 11).

12. At some point before CC purchased the insurance policy, Fitzgerald had personally viewed the property. (Amended Compl., ¶ 12).

13. At all relevant times, Fitzgerald was an employee and/or agent of C&S working within the scope of his employment and/or agency. (Amended Compl., ¶ 13).

14. On March 2, 2003, a fire completely destroyed CC's building on the Property. (Amended Compl., ¶ 14).

15. CC never received or reviewed a copy of the insurance policy or its declarations prior to the March 2, 2003 fire. (Amended Compl., ¶ 15).

16. Subsequently, an agent for Vermont Mutual conducted a so-called broad evidence calculation on the value of the destroyed building. The values ranged from a low of $293,000 to

a high of $738,169. Nonetheless, Vermont Mutual has limited its payments to CC by the $425,000 value that its agent assigned the Property. (Amended Compl., ¶ 16).

17. It cost CC over $1 million to replace its destroyed building, but Vermont Mutual has paid it approximately only $425,000. (Amended Compl., ¶ 17).

18. CC has made written demand upon Vermont Mutual for an additional $225,000 so that it would be reimbursed an amount closer to its actual replacement costs of the building. Vermont Mutual has declined to honor the demand and maintains that it has completed all of its obligations to CC under the policy at issue. (Amended Compl., ¶ 18).

19. As a result of Vermont Mutual's position, CC has suffered actual losses in excess of $575,000. (Amended Compl., ¶ 19).

### III. ARGUMENT

20. Rule 15(a) of the Federal Rules of Civil Procedure provides that after an answer has been filed, a complaint may be amended only by leave of court or consent of the adverse party. Vermont Mutual has filed an answer and has not consented to the Amended Complaint.

21. The Amended Complaint keeps the Breach of Contract claim against Vermont Mutual; adds a Negligent Misrepresentation claim against C&S; adds a Negligence claim against both C&S and Vermont Mutual; and adds C&S as a party to the Mass. Gen. Laws c. 93A claim.

22. The new claims arise from the same set of facts and circumstances as in the current Complaint. Indeed, the facts in the Amended Complaint are largely the same as in the Complaint.

23. CC seeks to add C&S as a defendant based on its appreciation of C&S's potential role in limiting the insurance policy that CC purchased. CC could in theory sue C&S separately in state court; however, because the facts at issue in a suit against C&S would be nearly identical

to the facts asserted against Vermont Mutual in this case, the claims against both defendants should be resolved together. Justice and efficiency would not be served if CC could not bring its claims against C&S and against Vermont Mutual in the same action. See City of Worcester v. HCA Mgmt. Co., 1994 WL 123629, *2 (D. Mass. Apr. 7, 1994) (allowing amendment of complaint to add party served judicial economy despite three-year delay in amending).

24.   Furthermore, CC now has a better appreciation of its costs in replacing the building and seeks to assert greater damages.

25.   "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Hatch v. Dept. for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (denial of leave to amend must have specific basis in improper conduct, undue prejudice, or futility). "Delay, absent bad faith or prejudice, is not a sufficient basis for denying leave to amend." Parker v. Columbia Pictures Industries, 204 F.3d 326, 339 (2d Cir. 2000). "The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Foman v. Davis, supra (citing Rule 1).

26.   This matter presents none of the negative factors that would justify a denial of leave to amend. There is no substantial or unduly delay and no undue prejudice to Vermont Mutual. Discovery has not even started.

27.   "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If the Court were to allow this motion to amend, then subject matter jurisdiction over this case would be proper in the courts of the Commonwealth of Massachusetts. Because both Plaintiff CC and Defendant C&S are

citizens of Massachusetts, the federal courts do not have diversity subject matter jurisdiction over this case. 28 U.S.C. § 1332. Because this complaint does not raise any claims arising under federal law, the federal courts do not have federal question jurisdiction over this case. 28 U.S.C. § 1331.

28.   Likewise, venue would be proper in the Massachusetts Superior Court for Norfolk County because the case was originally filed there, CC's principal place of business is in Norfolk County, the cause of action at issue arises in Norfolk County, the locus of the real estate at issue is in Norfolk County, and both C&S and Vermont Mutual knowingly engaged in business with CC in Norfolk County.

29.   Because the Amended Complaint will not unduly prejudice the current Defendant Vermont Mutual, and will allow CC to bring its additional claims that arise from the same set of facts and circumstances as the present case, granting leave to amend the Complaint is in the interest of justice and efficiency.

WHEREFORE, CC requests that the Court grant its motion for leave to amend its complaint and to remand the case to the Superior Court for the Commonwealth of Massachusetts, Norfolk County.

Respectfully submitted,

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,
By his attorneys,

Robert M. Mendillo, BBO #342780
Alexander Klibaner, BBO #659300
Sally & Fitch LLP
225 Franklin St., 30th Floor
Boston, MA 02110
(617) 542-5542

Dated: August 3, 2005

### CERTIFICATION OF COMPLIANCE WITH L.R. 7.1(A)(2)

I, hereby, certify that I conferred with counsel for Vermont Mutual in good faith before filing this motion in an attempt to resolve or narrow the issues presented, and requested Vermont Mutual's consent to filing the Amended Complaint. However, Vermont Mutual did not grant such consent.

Alexander Klibaner

### CERTIFICATION OF COMPLIANCE WITH L.R. 15.1

I, hereby, certify that a true and correct copy of this motion with the attached proposed Amended Complaint was served on the proposed Defendant C&S Insurance Agency, Inc. by hand at least ten days before the filing of this motion with the Court.

Alexander Klibaner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,

        Plaintiff,

v.

VERMONT MUTUAL INSURANCE
COMPANY, and C&S INSURANCE
AGENCY, INC.,

        Defendants.

Case No. 05-CV10602MLW

## AMENDED COMPLAINT

For his amended complaint, plaintiff states as follows:

### I. PARTIES

1. Plaintiff Steven J. Kelley is a trustee of CC Realty Trust ("CC"), a trust duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Stoughton, Norfolk County, Massachusetts.

2. Defendant Vermont Mutual Insurance Company ("Vermont Mutual") is a duly constituted insurance company with a principal place of business at 89 State Street, Montpelier, Vermont.

3. At all times relevant hereto, Vermont Mutual has been duly licensed to conduct insurance business within the Commonwealth of Massachusetts.

4. Defendant C&S Insurance Agency, Inc. ("C&S") is a for-profit Massachusetts corporation with a principal place of business at 190 Chauncy Street, Mansfield, Massachusetts.

5.On information and belief, C&S was an agent of Vermont Mutual and may have been acting within the scope of that agency relationship, except as it pertains to the representations made in Count II, below.

## II. JURISDICTION AND VENUE

6.Jurisdiction over this case is proper in the courts of the Commonwealth of Massachusetts. Because both Plaintiff CC and Defendant C&S are citizens of Massachusetts, the federal courts do not have diversity subject matter jurisdiction over this case. 28 U.S.C. § 1332. Because this complaint does not raise any claims arising under federal law, the federal courts do not have federal question jurisdiction over this case. 28 U.S.C. § 1331.

7.Venue is proper in the Massachusetts Superior Court for Norfolk County because CC's principal place of business is in Norfolk County, the cause of action at issue arises in Norfolk County, the locus of the real estate at issue is in Norfolk County, and both C&S and Vermont Mutual knowingly engaged in business with CC in Norfolk County.

## III. FACTS

8.On or about January 28, 2003, CC purchased real property located at 17 Pearl Street and 733-735 Washington Street in Stoughton, Massachusetts (the "Property").

9.In connection with the purchase of the Property, CC purchased a businessowner's policy for the Property (the "insurance policy") from Vermont Mutual's authorized agent, C&S.

10.In explaining and in selling the policy to CC, Richard Fitzgerald, the C&S agent who dealt with CC, advised its trustee that the policy was a replacement cost policy and not an actual cash value policy, and that the premiums would be higher than the premiums of an actual cash value policy. Fitzgerald further explained that under the policy, the total cost of replacing the buildings on the Property would be covered, subject to deductions not relevant here.

11. Shortly thereafter, without advising or consulting CC, Fitzgerald valued the Property's building at $425,000 and/or otherwise inserted the value of $425,000 onto an insurance form. According to Fitzgerald, this was a temporary "ballpark" estimate, because he expected that Vermont Mutual would promptly have a licensed real estate appraiser value the building.

12. At some point before CC purchased the insurance policy, Fitzgerald had personally viewed the property.

13. At all relevant times, Fitzgerald was an employee and/or agent of C&S working within the scope of his employment and/or agency.

14. On March 2, 2003, a fire completely destroyed CC's building on the Property.

15. CC never received or reviewed a copy of the insurance policy or its declarations prior to the March 2, 2003 fire.

16. Subsequently, an agent for Vermont Mutual conducted a so-called broad evidence calculation on the value of the destroyed building. The values ranged from a low of $293,000 to a high of $738,169. Nonetheless, Vermont Mutual has limited its payments to CC by the $425,000 value that its agent assigned the Property.

17. It cost CC over $1 million to replace its destroyed building, but Vermont Mutual has paid it approximately only $425,000.

18. CC has made written demand upon Vermont Mutual for an additional $225,000 so that it would be reimbursed an amount closer to its actual replacement costs of the building. Vermont Mutual has declined to honor the demand and maintains that it has completed all of its obligations to CC under the policy at issue.

19. As a result of Vermont Mutual's position, CC has suffered actual losses in excess of $575,000.

## COUNT I
### Breach of Contract (Against Vermont Mutual)

20. CC repeats and realleges each and every allegation contained in paragraphs 1 through 19 with the same force and effect as if set forth here in full.

21. Vermont Mutual has refused to honor its contract of insurance as described above, and is in breach of its contract with CC by refusing to pay the full replacement costs it promised to pay CC.

22. As a result of Vermont Mutual's breach of contract, CC has suffered damages in excess of $575,000.

## COUNT II
### Negligent Misrepresentation (Against C&S)

23. CC repeats and realleges each and every allegation contained in paragraphs 1 through 19 with the same force and effect as if set forth here in full.

24. Kelley informed Fitzgerald that he wanted to obtain complete replacement cost coverage for the Property.

25. Before CC purchased the insurance policy, C&S, through Fitzgerald, in the course of its business negligently represented to CC that the insurance policy CC was going to and did purchase covered the replacement costs of the building on the Property without any particular limitation.

26. C&S failed to exercise reasonable care or competence in providing such information to CC.

4

27. CC justifiably relied to its detriment on C&S misrepresentations by purchasing the insurance policy, by not purchasing additional insurance coverage on the Property, and by incurring the replacement costs that it did.

28. As a result of C&S's negligent misrepresentations, CC has suffered substantial financial damages.

## COUNT III
### Negligence (Against C&S and Vermont Mutual)

29. CC repeats and realleges each and every allegation contained in paragraphs 1 through 18 and 22 through 27 with the same force and effect as if set forth here in full.

30. C&S owed CC a duty of ordinary care.

31. To the extent CC was acting as Vermont Mutual's agent, Vermont Mutual owed CC a duty of ordinary care.

32. Fitzgerald, acting as an agent of C&S and possibly Vermont Mutual, was directed by CC and undertook to procure a no-limits replacement cost insurance policy, but negligently failed to do so.

33. On information and belief, Fitzgerald, acting as an agent of C&S and possibly Vermont Mutual, negligently, and without CC's knowledge or authorization, inserted the $425,000 figure onto an insurance form causing the insurance policy sold by Vermont Mutual, to have a $425,000 policy limit on building replacement costs, to the extent that the $425,000 policy limit is indeed valid.

34. As a result of C&S and/or Vermont Mutual's negligence, CC has suffered substantial financial damages.

## COUNT IV
### Chapter 93A (Against Vermont Mutual and C&S)

35. CC repeats and realleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if set forth here in full.

36. At all times relevant hereto, CC has been a person engaged in the conduct of trade or commerce within the meaning of G.L. c. 93A.

37. At all times relevant hereto, C&S has been a person engaged in the conduct of trade or commerce within the meaning of G.L. c. 93A.

38. At all times relevant hereto, Vermont Mutual has been a person engaged in the conduct of trade or commerce within the meaning of G.L. c. 93A.

39. To the extent Vermont Mutual agreed to pay CC its full replacement costs for rebuilding the building on its Property, Vermont Mutual has failed to do so by unfairly and deceptively imposing upon CC a $425,000 cap on replacement cost.

40. Alternatively, if the replacement cost policy could be limited, which it cannot be, then Vermont Mutual and/or C&S unfairly and deceptively imposed upon CC an unreasonably and unfairly low figure of $425,000.

41. Vermont Mutual's and/or C&S's treatment of CC's claim for the loss at issue has breached the covenant of good faith and fair dealing that is implicit in all contracts, and its treatment of CC constitutes unfair and deceptive acts and practices in the business of insurance contrary to the requirements of G.L. c. 176D.

42. As a result of Vermont Mutual's and C&S's unfair and deceptive trade practices, CC has suffered substantial financial damages.

**WHEREFORE**, CC prays for the following relief:

1. That CC be awarded damages against Vermont Mutual for breach of the insurance contract at issue.

2. That CC be awarded damages against C&S for negligent misrepresentation.

3. That CC be awarded damages against C&S and Vermont Mutual for their negligence.

4. That CC be awarded double or treble damages for Vermont Mutual's and C&S's unfair and deceptive trade practices.

5. That CC be awarded its reasonable attorneys' fees and costs incurred in this matter.

6. That CC be awarded such additional relief as is deemed just and appropriate under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES
TO WHICH IT IS ENTITLED TO A JURY TRIAL.

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,

By his attorneys,

_____
Robert M. Mendillo, BBO #342780
Alexander Klibaner, BBO #659300
Sally & Fitch LLP
225 Franklin St., 30th Floor
Boston, MA 02110
(617) 542-5542

Dated: August ___, 2005