UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN J. KELLEY, as Trustee of CC Realty Trust, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No.: 05-10602 MLW |
| VERMONT MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT, VERMONT MUTUAL INSURANCE COMPANY'S OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND AND TO REMAND**

Now comes the defendant, Vermont Mutual Insurance Company and respectfully requests this Honorable Court deny the plaintiff's Motion to Amend his Complaint and deny his request for remand.

**BACKGROUND**

1. The Plaintiff's original Complaint naming the Defendant, Vermont Mutual Insurance Company, was filed in the Norfolk Superior Court, Commonwealth of Massachusetts, on or about February 25, 2005.

2. The Plaintiff's original Complaint purports to assert claims for breach of contract and violation of M.G.L. c.93A against Vermont Mutual.

3. The defendant, Vermont Mutual, filed a Notice of Removal on or about March 21, 2005.

4. This matter was removed to this Honorable Court on or about March 23, 2005.

5. The defendant, Vermont Mutual, filed its Answer to the plaintiff's original Complaint on or about March 23, 2005.

6. On June 6, 2005, counsel for the plaintiff, in a telephone conference with counsel for the defendant, indicated his intention to file a motion to amend the complaint to add C&S Insurance Agency, Inc., and to request that this matter be remanded to Superior Court. (See Affidavit of Douglas F. Hartman at ¶ 2, attached hereto as Exhibit A).

8. On June 24, 2005, plaintiff's counsel sent defense counsel via e-mail a copy of the proposed Motion to Amend and Remand along with a copy of the plaintiff's proposed Amended Complaint. (See Affidavit of Douglas F. Hartman at ¶ 3, attached hereto as Exhibit A).

9. In correspondence dated July 19, 2005, counsel for the plaintiff sent defense counsel the plaintiff's Motion to Amend and Remand and the plaintiff's proposed Amended Complaint and stated the intention to file same on August 3, 2005. (See Correspondence dated July 19, 2005, attached hereto at Exhibit B).

**ARGUMENT**

**I.   STANDARD FOR AMENDMENT PROPOSING TO ADD A NON-DIVERSE PARTY**

Where a proposed amendment seeks to add a non-diverse party "a Rule 15 analysis is not sufficient since the district court should scrutinize the amendment of a non-diverse party more closely than that of an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Therefore, the Rule 15 analysis presented by the plaintiff is not sufficient to determine whether his Motion to Amend and Remand

should be allowed. The proper standard for the determination of the propriety of joinder that would destroy diversity is governed by 28 U.S.C. 1447(e).

Section 1447(e) of Title 28 of the United States Code provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. 1447(e). The analysis for an amendment seeking to add a diversity destroying defendant has been stated as whether fundamental fairness supports the amendment and remand or the denial of the amendment under 28 U.S.C. 1447(e). *See Nazario v. Deere & Co.*, 295 F.Supp.2d 360, 363 (S.D.N.Y. 2003). "The ruling is discretionary, and it must take into account the original defendant's interest in their choice of forum." *O'Connor v. Automobile Ins. Co. of Hartford Conn.*, 846 F.Supp. 39, 40 (1994) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "*Hensgens* outlines several factors which guide the district court's decision." *Id.* "The Court should consider first, whether the primary purpose of the amendment is to defeat federal jurisdiction." *Id.* "Next, whether the plaintiff has been diligent in requesting the amendment." *Id.* Third, whether the plaintiff will be prejudiced if the amendment is denied" and "[f]inally, any other factors bearing on the equities." *Id.* The standard has also been generally described as "[w]hether to allow joinder is a discretionary decision guided by equitable factors that depend upon the circumstances." *Schrepfer v. Framatome Connectors USA, Inc.*, 115 F.Supp.2d 182, 186 D.N.H. 1999)(citing *Hensgens v. Deere & Co.*, 833 f2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989)). "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Whitworth v. TNT*

3

*Bestway Trans. Inc.*, 914 F.Supp. 1434, 1435 (E.D.Tex. 1996) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) cited with approval in *Casas Office Machines, Inc., v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir. 1995)[1]).

    A.    **The Plaintiff's Motivation in Moving to Amend is to Divest this Court of Jurisdiction**

The plaintiff's actions in this litigation with respect to the proposed defendant C&S evidence that the desire to divest this Court of jurisdiction is the motivation behind the present motion. *See O'Connor v. Automobile ins. Co. of Hartford Connecticut*, 846 F.Supp. 39 (E.D. Tex. 1994). In *O'Connor*, the Court found that the plaintiff's motivation for seeking to amend his complaint to add a non-diverse defendant was primarily for the purpose of defeating federal jurisdiction and, therefore, denied the plaintiff's motion. *O'Connor*, 846 F.Supp. at 41. In *O'Connor*, the plaintiff brought suit against his insurer in state court. *Id.* at 40. His state court complaint identified the insurance agency that sold him the policy. *Id.* The defendant insurers subsequently removed the case to federal court on the basis of diversity jurisdiction. *Id.* The plaintiff then sought to amend his complaint to add negligence claims against the insurance agent that sold him the policy in question. *Id.* The court denied the plaintiff's motion. *Id.* at 41. In its denial, the *O'Connor* court pointed out that the plaintiff knew of the proposed defendant, an insurance agency, at the time of the filing of the state court complaint and could easily have named the agency in the original complaint. Additionally the *O'Connor* court found that there was nothing to indicate the original defendants would

---

[1]  While the *Casas* Court takes into account Rule 19 considerations, Rule 19 of the Federal Rules of Civil Procedure expressly states "A person who is subject to service of process ***and whose joinder will not deprive the court of jurisdiction*** over the subject matter of the action shall be joined as a party in the action if…." Fed.R.Civ.P. 19(a). Here joinder of the proposed nondiverse defendant would destroy diversity and divest the court of jurisdiction.

have been unable to satisfy a future judgment and the plaintiff did not assert that the agency was the sole cause of his injury. *Id.* The plaintiff in this case knew of the insurance agency that he now proposes to join to this action. In fact, he makes factual allegations in his original state court complaint that form the basis for the claims he now seeks to add to this action. (See Plaintiff's original complaint at ¶¶ 6, 7, 8, and 10). In fact, all of the basic facts the plaintiff alleges in his proposed Amended Complaint that form the basis of the claims against C&S were previously alleged in the original Complaint. (See plaintiff's proposed Amended Complaint at ¶¶ 9,10,11, and 16). There has been no discovery conducted from the time the plaintiff filed his state court complaint until the time of the filing of his Motion to Amend and Remand. Moreover, the plaintiff admits that "[t]he new claims arise from the same set of facts and circumstances as in the current [original] complaint." (See plaintiff's Motion to Amend the Complaint and to Remand, at ¶ 22).

Further evidence that the plaintiff is seeking to amend his complaint primarily for the purpose of destroying federal jurisdiction is that the motion to amend was filed shortly after this case was removed and "before significant discovery occurred, eliminating the argument that [the plaintiff] discovered facts previously solely within the defendant's possession." *Gum v. General Elec. Co.*, 5 F.Supp.2d 412, 414 (S.D.W.Va. 1998). As in *O'Connor*, the *Gum* court found that the plaintiff was aware of the facts and circumstances underlying the proposed allegations at the time of the state court complaint and could have included them in his initial complaint. *Id.* at 415. The *Gum* court found of import to the question of the motivation behind a proposed joinder that "The proximity of removal and the motions to amend, with little intervening discovery, suggests the

motions were filed as tactical maneuvers, rather than as a result of newly discovered facts." *Id.* at 415. Likewise, the Court in *Sutton v. Hollywood Entertainment Corp.*, 181 F.Supp.2d 504 (D.Md. 2002) found that the timing of the plaintiff's motion to amend may "suggest[] that [the plaintiff] seek[s] to avoid federal court jurisdiction." *Id.* at 508. (citing *Mayes v. Rappaport*, 198 F.3d 457, 463 (4th Cir. 1999)("Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.").

    **B.**    **Concurrent Litigation in Federal and State Court is not in and of itself an Adequate Basis for Remand.**

The only negative factor on the part of the plaintiff that the plaintiff cites in his Motion to Amend the Complaint and to Remand is the possibility of concurrent litigation in federal and state court. (See plaintiff's Motion to Amend the Complaint and Remand). "Although [the denial of a plaintiff's motion to add a nondiverse defendant and remand may] result[] in the potential for parallel state/federal proceedings, the mere goals of judicial efficiency and comity do not alone govern the Court's exercise of discretion. It is well-established federal courts have a 'virtually unflagging obligation … to exercise the jurisdiction given them,' *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.E.2d 483 (1976), unless and until an exception to its jurisdiction applies." *Gum v. General Elec. Co.*, 5 F.Supp.2d 412, 415 (S.D.W.V. 1998). In situations where there are already concurrent federal and state cases and the federal case is governed by state law, the First Circuit Court of Appeals has held: "[t]hese factors … do not, by themselves, justify abstention given the strong presumption in favor of the exercise of federal jurisdiction." *Gonzales v. Cruz*, 926 F.2d 1, 3 (1st Cir. 1991).

"Duplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction. The mere fact that the issue of liability will arise in both suits and that proof may be overlapping is not necessarily significant unless this fact, in a particular context, has potential for unfairness or ham." *Id.* at 4. *See also Nazario*, 295 F.Supp.2d at 366 ("the anticipated judicial efficiency which would obtain after joinder and remand is not alone so considerable as to serve the ends of fundamental fairness and justice which guide the [28 U.S.C.] § 1447(e) analysis."). Moreover, at least one court has found where the plaintiff failed to bring suit against the proposed defendant in the original state court complaint, the plaintiff's assertions of duplicative actions in state and federal court are not convincing. *See Dal-Tile Corp. v. Zurich American Ins. Co.*, 2002 WL 1878377 (N.D.Tex.)("In addition, the Court is skeptical as to whether the Plaintiff will pursue a claim against [the proposed defendant] in state Court given that there was no legitimate reason for failing to include [it] in the original complaint.").

    **C.**    **The Prejudice to the Defendant in its Statutory Right to Choice of Forum Outweighs the Plaintiff's Sole Reason for Allowance of his Motion under 28 U.S.C. 1447(e).**

"[T]he Court is cognizant of the interest of Defendants in retaining a federal forum. As the *Hensgens* court stated, 'the removal statutes are predicated on giving the diverse defendants a choice of state or federal forum.' [*Hensgens,*] 833 F.2d at 1182 (stating also 'Because the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in choice of forum.')." *Gum v. General Elec. Co.*, 5 F.Supp.2d 412, 415 (S.D.W.V. 1998). The defendant's interest in the federal forum is evidenced by its removal of this action to Federal Court. This interest outweighs

7

the only asserted interest by the plaintiff, the risk of concurrent litigation, which cannot alone be the basis for a remand.

      **D.**    **The Delay in Bringing the Motion to Amend and Remand Weighs in Favor of Denying the Plaintiff's Motion.**

The plaintiff has delayed in seeking to add C&S to this action in that he could have named the agency as defendant in his original state court complaint. *See O'Connor, supra.* Additionally, prior to filing his Motion to Amend, the plaintiff, through counsel, sought the scheduling of an initial scheduling conference in this matter. (See Correspondence from Plaintiff's Counsel to the Court, dated May 3, 2005, attached hereto as Exhibit C). Since the plaintiff could have originally named C&S and then, prior to filing the present motion, sought to further this case in the federal court, his delay should militate against allowance of his motion to amend and remand.

**II.     CONCLUSION**

For the reasons above, the defendant's interest in the federal forum and the plaintiff's motivation to destroy federal jurisdiction outweigh the plaintiff's asserted harm of the possibility of concurrent federal and state litigation and the plaintiff's motion to amend should be denied, thereby making the plaintiff's request for a remand moot.

WHEREFORE, the defendant, Vermont Mutual Insurance Company, respectfully requests this Honorable Court deny the plaintiff's Motion to Amend the Complaint and to Remand and award it any other relief this Honorable Court deems fair and just.

>                             Defendant,
>                             Vermont Mutual Insurance Company,
>                             By its attorneys,
>
>
>                             s/ Douglas F. Hartman
>                             William O. Monahan, BBO # 542916
>                             Matthew Mahoney, BBO# 549092
>                             Douglas F. Hartman, BBO# 642823
>                             MONAHAN & ASSOCIATES, P.C.
>                             113 Union Wharf East
>                             Boston, MA  02109
>                             (617) 227-1500

## CERTIFICATE OF SERVICE

    I, Douglas F. Hartman, hereby certify that on the 1st day of August, 2005, the foregoing has been served by causing a copy of same to be mailed via First Class Mail, postage prepaid, directed to all counsel of record.

                                          s/ Douglas F. Hartman
                                          Douglas F. Hartman

## CERTIFICATION OF COMPLIANCE WITH L.R. 71.(A)(2)

    I, Douglas F. Hartman, certified that I conferred with counsel for the plaintiff in good faith prior to the filing of the plaintiff's Motion to Amend and Remand in an attempt to resolve or narrow the issues presented.

                                          s/ Douglas F. Hartman
                                          Douglas F. Hartman

CCRealty/OppMotAmend

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN J. KELLEY, as Trustee of CC Realty Trust, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERMONT MUTUAL INSURANCE COMPANY, )<br>)<br>Defendant. ) | C.A. No.:  05-10602 MLW |

## AFFIDAVIT OF DOUGLAS F. HARTMAN

I, Douglas F. Hartman, do hereby depose and state as follows:

1. I am counsel for the defendant, Vermont Mutual Insurance Company, in the above- captioned matter.

2. On June 6, 2005, I conducted a telephone conference with plaintiff's counsel in which plaintiff's counsel indicated his intention to file a motion to amend the plaintiff's complaint to add C&S Insurance Agency, Inc., and to request the remand of this matter to the Superior Court of Massachusetts.

3. On June 24, 2005, plaintiff's counsel sent me an e-mail containing a copy of the plaintiff's proposed Motion to Amend and Remand along with a copy of the plaintiff's proposed amended complaint.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 1ST DAY OF AUGUST, 2005.**

                s/ Douglas F. Hartman
                Douglas F. Hartman

# EXHIBIT B

# SALLY & FITCH LLP

COUNSELORS AT LAW
225 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-2804

TEL: (617) 542-5542
FAX: (617) 542-1542

IN PROVIDENCE, R.I.

56 PINE STREET
PROVIDENCE, R.I. 02903
TEL: (401) 521-6500
FAX: (401) 274-2780

ALEXANDER KLIBANER
ak@sally-fitch.com

July 19, 2005

BY HAND DELIVERY

Attn: B. Benjamin Cavallo
C&S Insurance Agency, Inc.
190 Chauncy Street
Mansfield, MA 02048

Re:   Steven J. Kelley, as Trustee of CC Realty Trust v. Vermont Mutual Insurance Co.
      U.S. District Court for the District of Massachusetts, C.A. No. 05-CV10602MLW

Dear Mr. Cavallo:

This firm represents Steven J. Kelley in the above-referenced matter. Enclosed please find Plaintiff's Motion to Amend the Complaint and to Remand. We are seeking to add C&S Insurance Agency, Inc. as a defendant and are notifying you, pursuant to Local Rule 15.1, of our intent to file the enclosed Motion on August 3, 2005.

Thank you for your attention to this matter.

Very truly yours,

Alexander Klibaner

AK/kk
Enclosure
cc:   Douglas F. Hartman, Esquire
      Robert M. Mendillo, Esquire (w/o enc.)