UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,

               Plaintiff,

v.

VERMONT MUTUAL INSURANCE
COMPANY,

               Defendant.

**Case No. 05-CV10602MLW**

**PLAINTIFF'S ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY
IN SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT AND TO REMAND**

      Pursuant to Local Rule 7.1(B)(3), Plaintiff Steven J. Kelley as Trustee of CC Realty Trust ("CC") hereby moves for leave to file the accompanying Plaintiff's Reply In Support Of His Motion To Amend The Complaint And To Remand, submitted herewith.  As grounds for this motion CC states that this Reply responds to Defendant Vermont Mutual Insurance Company's ("Vermont Mutual") conjectures in its opposition brief that CC is seeking to add C&S Insurance Agency, Inc. as a defendant in order to undermine this Court's jurisdiction and other factors cited in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  CC believes this Reply will assist the Court in its consideration of the Motion To Amend The Complaint And To Remand. Vermont Mutual has assented to the filing of a reply brief by CC.

**WHEREFORE**, CC requests that the Court grant its motion for leave to file the accompanying Plaintiff's Reply In Support Of His Motion To Amend The Complaint And To Remand.

## REQUEST FOR ORAL ARGUMENT

CC also believes that oral argument will assist the Court in its consideration of the Motion To Amend The Complaint And To Remand.

Respectfully submitted,

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,
By his attorneys,

*/s/ Alexander   Klibaner*
Robert M. Mendillo, BBO #342780
Alexander Klibaner, BBO #659300
Sally & Fitch LLP
225 Franklin St., 30th Floor
Boston, MA 02110
(617) 542-5542

Dated:  August 11, 2005

## CERTIFICATION OF COMPLIANCE WITH L.R. 7.1(A)(2)

I, hereby, certify that I conferred with counsel for Vermont Mutual in good faith before filing this motion in an attempt to narrow the issues in dispute.  Vermont Mutual has assented to CC's filing a reply brief.

*/s/ Alexander   Klibaner*
Alexander Klibaner

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,

Plaintiff,

v.

VERMONT MUTUAL INSURANCE
COMPANY,

Defendant.

**Case No. 05-CV10602MLW**

**PLAINTIFF'S REPLY IN SUPPORT OF**
**HIS MOTION TO AMEND THE COMPLAINT AND TO REMAND**

In its Opposition to Plaintiff's Motion To Amend The Complaint And To Remand,

Defendant Vermont Mutual Insurance Company ("Vermont Mutual") argues that the proposed

Amended Complaint does not satisfy the Hensgens  v. Deere & Co., 833 F.2d 1179, 1182 (5th

Cir. 1987) factors for determining whether a non-diverse party may be added to a complaint.

Vermont Mutual does not address – and apparently does not oppose – the Motion to Amend in

other respects, e.g., the allegation of greater damages, which is subject to Fed. R. Civ. P. 15(a)

("[L]eave shall be freely given when justice so requires").  In this Reply, Plaintiff Steven J.

Kelley as Trustee of CC Realty Trust ("CC") responds that the non-exclusive Hensgens factors

weigh in favor of allowing the addition of C&S Insurance Agency, Inc. ("C&S") as a defendant,

as would a general balancing of equitable factors.

**A.  The Court Should Balance The Equities Whether Through The Non-Exclusive _Hensgens_ Factors Or Otherwise.**

The controlling statute, 28 U.S.C. § 1447(e), authorizes the Court to use its discretion in allowing the joinder of dispensable nondiverse parties but provides no specific guidance on how to exercise it: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  This provision was enacted in 1988. Hensgens  v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989), elaborated on the standard before § 1447(e) passed.  Nevertheless, the First Circuit has cited to Hensgens with approval in a footnote after the adoption of § 1447(e).

> "[A] district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987) (describing factors that district courts _**may**_ consider in deciding whether or not to permit the addition of dispensable, nondiverse parties).

Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 n.8 (1st Cir. 1994) (emphasis added).  According to Hensgens, leave to amend per Rule 15(a) to add a Rule 20 permissive party, as C&S would be here, should be granted when justice so requires.  Hensgens, supra, 833 F.2d at 1182.

> [J]ustice requires that the district court balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.  For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.  The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

Id.; but see Righetti v. Shell Oil Co., 711 F.Supp. 531, 533-35 (N.D. Cal. 1989) (analyzing the legislative history behind Section 1447(e) and concluding that the statute does not require an

2

inquiry into the plaintiff's motivation for adding a nondiverse defendant).  According to <u>Righetti</u>,

"where . . . a facially bona fide claim against a non-diverse defendant is stated, amendment is

sought early in the litigation and does not appear to be for a dilatory purpose, and no prejudice to

the named defendant exists, the court should exercise its discretion in favor of leave to amend,

and permit plaintiffs to join the non-diverse party."  <u>Righetti</u>, <u>supra</u>, 711 F.Supp. at 535.

### B. CC Is Not Seeking To Add C&S Insurance Agency In Order to Void Diversity Jurisdiction And It Did Not Engage In Any Dilatory Tactics.

Vermont Mutual conjectures that Plaintiff's motivation in adding C&S as a defendant is

to divest this Court of jurisdiction.  <u>Cf</u>. <u>Soto v. Barnitt</u>, 2000 WL 1206603, *3 (S.D. N.Y. 2000)

(The only factor defendant marshaled against remand was "her contention that plaintiff's sole

motivation in seeking to join Theodore is to eliminate diversity of citizenship.  Where there is no

evidence that joinder would be fraudulent or improper, this assertion, standing alone, is

insufficient to defeat the joinder").  Even applying the <u>Hensgens</u> factors, Vermont Mutual's

speculation is groundless.  Pursuant to the insurance policy at issue, CC needed to file a

complaint against Vermont Mutual within two years of the March 2, 2003 fire.  After efforts to

resolve the insurance dispute without having to file suit proved unsuccessful, CC filed the

complaint in Norfolk Superior Court on or about February 23, 2005.  CC did not have the same

deadline for its negligence, negligent misrepresentation, and Chapter 93A claims against C&S

Insurance Agency.  <u>See</u> Mass. G.L. c. 260, s 2A ("Except as otherwise provided actions of tort,

actions of contract to recover for personal injuries, and actions of replevin, shall be commenced

only within three years next after the cause of action accrues"); Mass. G.L. c. 260, s 5A (setting a

four-year statute of limitation on Chapter 93A claims).  CC also had a very different relationship

with C&S Insurance Agency than it did with Vermont Mutual.  Richard Fitzgerald, the C&S

agent who services CC has been doing so for many years and has insured many properties for

plaintiff Steve Kelley.  Mr. Kelley has an ongoing relationship with Mr. Fitzgerald and wanted to

conduct further research and do some preliminary written discovery on Vermont Mutual before

deciding whether to add C&S.  To that end, CC served Vermont Mutual with interrogatories

along with the Complaint, pursuant to Mass. R. Civ. P. 33(a) ("Interrogatories may, without

leave of court, be served upon the plaintiff after commencement of the action and upon any other

party with or after service of the summons and complaint upon that party").  However, Vermont

Mutual removed the case on or about March 21, 2005, thereby postponing discovery until initial

disclosures are made following the Rule 26(f) conference.  Fed. R. Civ. P. 26(a)(1); L.R.

26.2(A).  CC's efforts to schedule the Rule 26(f) conference by sending the Court a letter on

May 3, 2005 did not prove fruitful.  To date, the Court has not scheduled a Rule 26(f)

conference.  CC diligently pursued this case and did not engage in any dilatory conduct.  See

Affidavit of Robert M. Mendillo ("Mendillo Affid."), attached hereto as Exhibit 2, ¶¶ 3-15.

　　　　By its removal, Vermont Mutual halted discovery.  Now, it is trying to argue both (1) that

CC's delay in adding C&S Insurance Agency is an indication CC is trying to thwart federal

jurisdiction; and (2) that CC's seeking to add C&S Insurance Agency prior to discovery is an

indication that CC is trying to thwart federal jurisdiction.  Vermont Mutual's Opposition at 5.

Vermont Mutual cannot have it both ways.  And, neither approach fits the facts.

Notwithstanding the absence of any discovery responses from Vermont Mutual, CC conducted

additional legal and fact research – thereby developed a better theory of the case, as discussed in

Section D, below – and performed a more complete analysis of its costs of rebuilding its

destroyed building.  Affidavit of R. Mendillo, ¶¶ 8, 10.  CC is now in a better position to

prosecute its case against both Vermont Mutual and C&S.  This is not a case where the facts

support a conclusion that "it is more likely that the decision to add the non-diverse party was

4

deliberately delayed until after the case had been assigned to a particular court . . ." Whitworth v. TNT Bestway Trans. Inc., 914 F.Supp. 1434, 1435 (E.D. Tex. 1996).  Nor is this a case in which Vermont Mutual has shown any prejudice from the lapsed time between its removal and the motion to amend.  "The only delay that is relevant to joinder considerations . . . is that between the removal of the case and the plaintiff's motion for joinder and remand." Hunt v. Stryker Corp., 2004 WL 502186, *2 (S.D. N.Y. 2004).  Vermont Mutual's own request to review a draft of the Motion to Amend before deciding whether to assent to it (Mendillo Affid., ¶¶ 11-13) was a factor that contributed to some of the lapse in time.  Vermont Mutual has not "provided evidence to suggest that the delay is the result of anything but the investigation into the claims." Hunt v. Stryker Corp., 2004 WL 502186, *3 (S.D. N.Y. 2004).

### C.  There Is No Undue Prejudice To Vermont Mutual From The Addition Of C&S As A Defendant And From The Remand Of This Case.

Vermont Mutual does not contend – nor could it – that C&S is a sham defendant. Vermont Mutual's arguments rest on the premise that CC should have added C&S as a defendant when CC filed its action in Norfolk Superior Court.  ***Consequently, Vermont Mutual should not now complain that it might be put back in the exact situation it believes it should have been in the first place.***  Indeed, Vermont Mutual fails to identify any concrete prejudicial effect it may suffer from remand.  Vermont Mutual merely posits an abstract desire to stay in federal court. Surely, there is no real threat that Vermont Mutual will not receive substantive justice in a Massachusetts court.  Rather, CC suggests that Vermont Mutual is seeking an unfair advantage by trying to exclude its insurance agent from being a co-defendant.

### D.  The Equities Balance In Favor Of Adding C&S As A Defendant.

CC's theory of the case is one of negligence coupled with unfair and deceptive conduct by Vermont Mutual and C&S in events that occurred following CC's request for a replacement

cost insurance policy on its property.  At first, as alleged in the original Complaint, CC believed

that this dispute might have resulted from confusion about the difference between a replacement

cost policy which CC believed it had purchased and an actual cash value policy which was more

consistent with what Vermont Mutual paid.  Complaint, ¶¶ 7-10, 15, 20-23.  After conducting

more research, CC believes that the alleged negligence and Chapter 93A violation by Vermont

Mutual and C&S fundamentally lies in a combination of the setting of "policy limits" without

any authorization by CC and doing so at an inappropriate level.  Amended Complaint, ¶¶ 10-16,

25-27, 31-33, 39-41.  Vermont Mutual and C&S have the information about how and why the

"policy limits" were set at the grossly inadequate $425,000 level without any adjustment for the

expected replacement cost of the property.  CC should not be penalized for taking a brief amount

of time to marshal its case within the appropriate lawful time limits.

This case is easily distinguishable from O'Connor v. The Automobile Ins. Co. of

Hartford Connecticut, 846 F.Supp. 39 (E.D. Tex. 1994).  In that case, the court denied motions to

amend and remand where (a) the court concluded that the plaintiff sought amendment primarily

to defeat federal jurisdiction (while, here, CC has produced evidence that its seeking an

amendment is not being done to defeat federal jurisdiction but to pursue legitimate claims against

C&S in one forum); (b) the proposed non-diverse insurance agent's role had been known to the

plaintiff (while, here, the specific agency relationship with regard to the completion of insurance

forms and the apportionment of responsibility between Vermont Mutual and C&S has yet to be

determined); (c) the plaintiff was not diligent in requesting the amendment (while, here, CC has

been diligent in trying to move this case); and (d) the court found that that plaintiff would not

suffer any serious prejudice by the denial of the amendment (while, here, denial of the

amendment would inefficiently require two cases and allow two defendants to use the "empty chair" defense and blame each other).

If CC were forced to pursue its case against C&S separately from Vermont Mutual, then the inefficient use of judicial and CC's resources abounds. "[P]laintiff would be unfairly prejudiced by having to litigate in two different forums.   Indeed, such dual litigation could result in unnecessary expense and conflicting results.  Moreover, the Court finds that multiple suits would constitute a clear waste of judicial resources, particularly as common questions of fact would necessitate utilizing the same witnesses and documents in both cases." Rodriguez v. Abbott Laboratories, 151 F.R.D. 529, 533 (S.D. N.Y. 1993); Morze v. Southland Corp., 816 F.Supp. 369 (E.D. Pa. 1993) (granting motion to remand, where case would be consolidated with another state court action involving a nondiverse defendant, in order to promote judicial efficiency).

Yet, the prejudice to CC lies also in having two separate defendants who each may use the "empty chair" defense.  Vermont Mutual's Answer pleads as its Twenty-Fourth and Twenty-Fifth Affirmative Defenses that the alleged damages were caused by third parties for whose conduct Vermont Mutual is not legally responsible.  CC would be severely prejudiced from having to prosecute two separate actions on the same basic set of facts and run the risk of inconsistent outcomes, particularly one in which a federal jury holds the absent state court defendant liable, while the state court jury considers the absent federal court defendant liable. Vermont Mutual could argue that C&S completed the insurance application and inserted the $425,000 policy limit; Vermont Mutual merely honored the policy, as it understood it to be.  Yet, in a separate proceeding, C&S could argue that Mr. Fitzgerald's practice has been to insert a certain "ball park" value for the property and that it was Vermont Mutual's practice to conduct a

subsequent appraisal to reach a more precise figure.  Compare Complaint, ¶ 8 and Amended

Complaint, ¶ 11.  Such an outcome would be grossly unjust and inconsistent with the spirit of

both Rule 15(a) and 28 U.S.C. § 1447(e).  Massaro v. Bard Access Systems, Inc., 209 F.R.D.

363, 369 (E.D. Pa. 2002) (granting joinder and remand where plaintiff's "motivation is to avoid

the burden of prosecuting two claims arising from the same set of facts in two separate forums,

particularly in light of the fact that each defendant, in separate forums, will likely point to the

proverbial empty chair of the other defendant as the more culpable party").  Thus, Plaintiff's

Motion To Amend The Complaint And To Remand should be granted.


          Respectfully submitted,

          STEVEN J. KELLEY, as Trustee of
          CC Realty Trust,
          By his attorneys,

          *s / Alexander Klibaner*

          Robert M. Mendillo, BBO #342780
          Alexander Klibaner, BBO #659300
          Sally & Fitch LLP
          225 Franklin St., 30th Floor
          Boston, MA 02110
          (617) 542-5542

Dated:  August 11, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN J. KELLEY, as Trustee of
CC Realty Trust,

Plaintiff,

v.

**Case No. 05-CV10602MLW**

VERMONT MUTUAL INSURANCE
COMPANY,

Defendant.

### <u>AFFIDAVIT OF ROBERT M. MENDILLO, ESQ.</u>

I, Robert M. Mendillo, on personal knowledge hereby depose and say:

1.      I am an attorney with the law firm of Sally & Fitch LLP and duly admitted in the courts of Massachusetts and before this Court.

2.      I, along with my associate Alexander Klibaner, Esq., represent Plaintiff Steven J. Kelley as Trustee of CC Realty Trust ("CC") in this action.  I am familiar with our pleadings and correspondence file in this matter.

3.      After efforts to resolve the insurance dispute at issue through negotiations proved unsuccessful, CC's original Complaint in this action was filed on or about February 23, 2005 in Norfolk County Superior Court. Defendant Vermont Mutual Insurance Company ("Vermont Mutual") and served by certified mail per Mass. R. Civ. P. 4(e) on March 7, 2005.

4.      The Complaint alleged that a fire destroyed CC's building on March 2, 2003.  It is my understanding that according to the insurance policy at issue, there is a two-year limitations period on filing claims against Vermont Mutual under the policy.

5.     At the time it needed to file suit against Vermont Mutual, CC was not sure it had a legal claim against C&S Insurance Agency, Inc. ("C&S"), and wanted to conduct further research and consider its ongoing and long-term relationship with Richard Fitzgerald, the C&S agent, before bringing C&S into the action. CC also wanted to conduct some initial written discovery on Vermont Mutual.

6.     When Vermont Mutual was served with the Complaint, it was also served with Plaintiff's First Set of Interrogatories, pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure. To date, I have not received any response from Vermont Mutual, nor has any been due because of Vermont Mutual's subsequent litigation maneuvers.

7.     On or about March 21, 2005, Vermont Mutual removed the action to this Court and filed its Answer.

8.     On April 15, 2005, I faxed Mr. Fitzgerald an informal request for documents, a copy of which is attached hereto as Exhibit 3.

9.     On May 3, 2005, I filed with the Court a non-motion letter requesting that the Court schedule an initial scheduling conference sometime before Mr. Kelley was to leave the country on July 2, 2005. CC **and Vermont Mutual** were amenable to an initial scheduling conference being held in early June. To date, the Court has not scheduled an initial scheduling conference nor set any deadlines for amending the pleadings.

10.     After conducting its additional research, realizing that there was a claim to be made against C&S, and deciding to pursue it, CC sought to add C&S as a defendant and would have done so regardless of whether the matter was removed to federal court. CC also performed a more complete analysis of its costs to rebuild the destroyed building.

11.    On information and belief, when Mr. Klibaner telephoned Douglas Hartman, Vermont Mutual's attorney, on June 6, 2005 to seek Vermont Mutual's assent, pursuant to Local Rule 7.1(A)(2), to CC's amending its Complaint, Mr. Hartman responded that he wanted to consider a draft of the motion to amend before providing Vermont Mutual's response.

12.    CC then proceeded to draft its motion to amend and the proposed amended complaint.  Per Mr. Hartman's request, on June 24, 2005, Mr. Klibaner emailed a draft of Plaintiff's Motion To Amend The Complaint And To Remand (the "Motion to Amend") along with the proposed Amended Complaint to Mr. Hartman for his review and, hopefully, Vermont Mutual's assent.  Mr. Klibaner copied me on this email, a true and correct copy of which is attached hereto as Exhibit 4, without its attachments.

13.    I understand that Vermont Mutual did not inform us about whether it would assent to the Motion to Amend until July 13, 2005, when Mr. Klibaner called Mr. Hartman to follow up.

14.    Pursuant to Local Rule 15.1 and Fed. R. Civ. P. 6(a), on or about July 19, 2005, we served C&S with a copy of the Motion to Amend and proposed Amended Complaint, and informed it of our intent to file the motion on August 3, 2005, the earliest day that we could under the Local Rules.  CC electronically filed its Motion to Amend at about 3 p.m. on August 3, 2005.  Vermont Mutual electronically filed its Opposition within a half-hour thereafter.

15.    I believe that we have proceeded here diligently, responsibly, and in good faith, and that it would be unfair and economically difficult for my client to have to pursue two lawsuits instead of one.

I have read the foregoing affidavit and state that it is true.  This affidavit is signed by me mindful of the pains and penalties of perjury on August 11, 2005.

Robert M. Mendillo

# SALLY & FITCH LLP

COUNSELORS AT LAW
225 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-2804

TEL: (617) 542-5542
FAX: (617) 542-1542

ROBERT M. MENDILLO
rmm@sally-fitch.com

IN PROVIDENCE, R.I.

56 PINE STREET
PROVIDENCE, R.I. 02903
TEL: (401) 521-6500
FAX: (401) 274-2780

April 15, 2005

***By Facsimile [508-822-3040]***

Mr. Richard Fitzgerald
Cavallo & Signorello Insurance Agency
9 Taunton Green
Taunton, MA 02780

      Re:    17 Pearl Street, Stoughton, Massachusetts

Dear Dick:

As you know, I am representing Steve Kelley and CC Realty Trust in the case against Vermont Mutual regarding the fire that destroyed the building at 17 Pearl Street.

In that regard, I would appreciate if you would please mail to me a copy of the insurance application, as well as any other documents that were prepared or generated in connection with the application and the issuance of the policy. At this point, I only need documents that you have that were created before the date of the fire.

Thank you for your cooperation and please call me if you have any questions.

Very truly yours,

Robert M. Mendillo

RMM/smw

cc:    Steven Kelley (by fax)

**Subject: Draft Motion to Amend and Amended Complaint**
**Date:** Friday, June 24, 2005 11:28 AM
**From:** Alex Klibaner <ak@sally-fitch.com>
**To:** <dhartman@monahanlaw.net>
**Cc:** "Robert M. Mendillo" <rmm@sally-fitch.com>

Doug,
Per your request in our telephone conversation earlier this month, attached are drafts of the Motion to
Amend and the Amended Complaint for your review and, hopefully, Vermont Mutual's assent.
Please let me know if you can't open the PDF files or if you want to discuss.
Thanks,
- Alex

Alexander Klibaner
Sally & Fitch LLP
225 Franklin Street, 30th Floor
Boston, MA 02110
Tel (617) 542-5542
Fax (617) 542-1542
ak@sally-fitch.com